POLLARD KIRKLAND, appellant, v. LOTT and DAILEY, appellees.

*Appeal from Greene.*

In an action by the payees against the maker of a promissory note, the defendant pleaded that he bargained with the plaintiffs for the purchase of three lots of ground, by their numbers, in the town of Jerseyville, for which he executed the note sued on; that at the time the contract was made, the plaintiffs pointed out and showed to the defendant the location and situation of the said lots; and that he bargained for the lots so pointed out and shown, but that the lots as numbered on the plat of the town, do not include the ground pointed out by the plaintiffs and purchased by the defendant; and that the plaintiffs knew, at the time of the sale of the lots, that they were not situated at the place pointed out and shown; and that the knowledge of this fact was by them fraudulently concealed from the defendant; and that since the sale of said lots to him, the plaintiffs sold and conveyed the same lots to another person, whereby they are unable to convey them to him : *Held* that the facts stated in the plea were a good defence to the action.

In an action upon a note given for the purchase of town lots, it is a good defence that the plaintiffs falsely and fraudulently represented the lots to be on a high piece of ground on one of the principal streets in the town, and pointed out their location, and that the defendant relying upon the representations so made, purchased said lots.

But it seems that the foregoing circumstances would not constitute a defence to such action, unless the plaintiff had fraudulently or knowingly misrepresented the situation of the lots sold. The omission to charge fraud, would be a fatal defect. If the mistake had been mutual, the defendant would have had no ground of defence.

THIS was an action by *petition and summons* in the Greene Circuit Court. The cause was tried before the Hon. William Brown, at the April term, 1837, and a judgment rendered for the plaintiffs for $189.88 and costs of suit. The defendant appealed to this Court.

WILLIAM THOMAS, for the appellant, cited Wardell v. Fosdick *et al.* 13 Johns. ; Monel v. Colden, *Ibid.* 402.

A. COWLES, for the appellees.

WILSON, Chief Justice, delivered the opinion of the Court :

The plaintiffs brought their action against the defendant upon a note executed by him to them for the sum of one hundred and eighty-eight dollars, to which the defendant pleaded six pleas. Upon the first, which was a plea of failure of consideration generally, the plaintiffs took issue, and demurred to each of the others, and the demurrers were sustained by the Court. Thereupon the defendant withdrew his first plea, and judgment was then rendered against him upon the demurrers.

This decision of the Court brings up the enquiry as to the sufficiency of the pleas demurred to. The first plea was withdrawn. The second plea alleged in substance, that the defendant bargained with the plaintiffs for the purchase of three lots of ground in the

town of Jerseyville, by their numbers, for which he executed the note declared on; that at the time the contract was made the plaintiffs pointed out and showed to the defendant the location and situation of the said lots; and that he bargained for the lots so pointed out and shown, but that the lots as numbered on the plat of said town do not include the ground purchased, nor are the said lots located at the place pointed out and shown by the plaintiffs. The defendant further averred that the plaintiffs knew at the time of the sale of said lots, that they were not situated at the place pointed out and shown, and that the knowledge of this fact was by them fraudulently concealed from the defendant. The defendant also avers that since the sale of the lots to him, the plaintiffs have sold and conveyed the same lots to another, whereby they are unable to convey them to him; wherefore the consideration has failed. The fourth plea also charges that the plaintiffs falsely and fraudulently represented the lots to be on a high piece of ground on one of the principal streets in the town, and that they pointed out their location; and that the defendant relying upon the representations so made, purchased the said lots, whereas the said lots were not so situated, &c.

This plea differs from the second only in form, and in not alleging the lots to have been purchased by their numbers. The third, fifth, and sixth pleas are essentially alike, and all allege a want of consideration for the same reasons assigned in the second and fourth pleas; but neither of them charges the plaintiffs with fraudulently or knowingly misrepresenting the situation of the lots sold to the defendant. The omission in each of these pleas to charge the plaintiffs with fraud in the transaction, is a fatal defect. Without this allegation they do not constitute a defence to the action. The demurrers to them were therefore properly sustained. The second and fourth pleas are not very technically drawn, but they charge in terms sufficiently clear, that the lots which the plaintiffs pointed out and showed to the defendant, and which he purchased upon their representation as to their location, and upon his own view of them as pointed out, were not designated upon the plat of the town by the numbers which the plaintiffs represented them to be; and that the representations respecting their location and numbers were made with a knowledge of their falsehood, and with a fraudulent intention.

The demurrer to these pleas admits the truth of all the allegations they contain. It is manifest, then, that the plaintiffs have, by false and fraudulent acts and representations, deceived the defendant and induced him to believe that he was purchasing lots in one part of the town, when, according to the plat of the town, they were situated in a different and less eligible part of it. It is well known that the disparity in the value of town lots is often very great; and that that disparity is owing principally to their location.

If the mistake relative to the situation of those lots had been mutual, or if the plaintiffs had made no false representations, nor used any means to deceive the defendant, he would have had no ground of defence. If the plaintiffs had made no representations as to the location of the lots, the defendant would reasonably have sought, and might have obtained, correct information from some other source ; and it is not for the plaintiffs to say that it was his folly not to have done so, when their representations were the cause of his omission. Credulity on his part, is no excuse for fraud on theirs.

I do not however consider the defendant chargeable with any culpable degree of confidence or want of circumspection. The statements of the plaintiffs, and the pointing out the situation of the lots, were such practices of deception as might well mislead and deceive a more than ordinarily cautious man ; and when accompanied with the intention so to deceive, as is alleged, were certainly such as to vitiate the contract which they beguiled the defendant into making. The demurrers to the second and fourth pleas were therefore improperly sustained. The judgment is reversed with costs, and the cause remanded with directions to the Circuit Court to try the cause agreeably to this decision.

*Judgment reversed.*

*Note.* See Tyler *v.* Young *et al., Post;* Miller *v.* Howell, 1 Scam.